# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALEJANDRA VARAJAS, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | FILE NO._____ |
| ) | |
| v. ) | |
| ) | |
| CAPITAL ONE AUTO FINANCE, ) | |
| a division of CAPITAL ONE, N.A., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Claimant, Alejandra Varajas ("Plaintiff"), by counsel, and hereby files her Complaint ("Complaint") against Defendant Capital One Auto Finance, a division of Capital One, N.A. ("Defendant") as follows:

## INTRODUCTION

1.

This is an action for actual, statutory, and punitive damages, attorney's fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. ("FCRA").

2.

Plaintiff is an individual, a resident of Fulton County in the State of Georgia, and a "consumer" under 15 U.S.C. § 1681a(c).  Defendant is a "furnisher" of information under the FCRA.

3.

Defendant reported false and inaccurate information to the national credit bureaus – Equifax, Experian, and Trans Union ("CRAs") to be included in Plaintiff's credit files.  The inaccurate information included that Defendant had involuntarily repossessed Plaintiff's vehicle and that Plaintiff was delinquent on the subject account.

4.

At all times material to this action, Respondent was a for-profit division of a national association doing business in Fulton County, Georgia.

5.

Respondent may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Corporation Service Company, 100 Shockoe Slip, Fl 2, Richmond, VA 23219-4100.

6.

Respondent is subject to the jurisdiction of this Court.

7.

Venue is proper in this Court.

## FACTUAL ALLEGATIONS

8.

Plaintiff lives and works in Fulton County, Georgia.

9.

On or about July 15, 2021, Plaintiff purchased a 2020 Honda Accord Sedan, VIN 1HGCV1F1XLA053129 (the "Vehicle") from Honda Carland in Roswell, Georgia.  Defendant provided financing for the Vehicle through a Retail Installment Sale Contract ("Contract").

10.

The Vehicle was insured by Progressive Insurance Company ("Progressive").

11.

On April 15, 2023, Plaintiff was involved in a single car accident whereby the Vehicle was damaged.

12.

The Vehicle was taken to a tow yard to be assessed for repairs and so that Plaintiff could submit a claim for insurance coverage with Progressive.  The Vehicle was insured at the time of the accident.

3

13.

On or about May 1, 2023, before Plaintiff and Defendant could complete the claims process with Plaintiff's insurance company, Defendant repossessed the Vehicle from the tow yard (the "Repossession").

14.

Plaintiff was current on her payments with Defendant at the time of the Repossession.  In fact, Plaintiff had never missed a payment with Defendant for the Vehicle nor made any payments late.  Plaintiff was not in default under the Contract or otherwise at the time of Respondent's wrongful Repossession. Plaintiff had not filed for bankruptcy prior to the time of the Repossession. Plaintiff had not broken and agreements she made under the Contract at the time of the Repossession.

15.

After Plaintiff learned of Defendant's wrongful Repossession, she contacted Defendant and asked it why it had repossessed her Vehicle when she was not in default and the insurance claims process was not complete.  Defendant did not provide Claimant with an explanation.

16.

Upon information and belief, Defendant thereafter sold the Vehicle at a private auction.  Upon information and belief, Defendant sold the Vehicle for less than its fair market value.  Upon information and belief, Defendant received a payment from Plaintiff's insurance company in relation to the Vehicle.

17.

Defendant subsequently reported to the CRAs that Plaintiff owed a balance on the loan for the Vehicle (the "Account") and that the Vehicle had been repossessed or involuntarily repossessed.  This was false and inaccurate.  Plaintiff did not owe the balance that Defendant reported to the CRAs (the loss was covered by insurance and/or the sale of the Vehicle) and the Vehicle was not repossessed or involuntarily repossessed (Plaintiff was never late on her payments or otherwise in default under the Contract and the Vehicle was fully covered by insurance).

18.

When Plaintiff learned of Defendant's false and inaccurate credit reporting to the CRAs, she made one or more direct disputes with Defendant concerning its inaccurate credit reporting.

19.

When Plaintiff learned of Defendant's false and inaccurate credit reporting to the CRAs, she also made disputes with the CRAs concerning Defendant's inaccurate reporting of the Account (the "CRA Disputes").

20.

Upon information and belief, Defendant received the CRA Disputes from the CRAs.

21.

In response to the CRA Disputes, Defendant did not agree to correct its inaccurate reporting of the Account and, instead, verified to the CRAs that it was accurately reporting the Account.  Defendant has reported an inaccurate balance, status, repossession, and other information about the Account.

22.

Defendant failed to conduct reasonable investigations of the CRA Disputes.

23.

As a direct result of Defendant's violations of the FCRA, Plaintiff's credit has been destroyed and she has suffered actual damages including (i) embarrassment and reputational harm when Defendant reported the inaccurate information to the CRAs; (ii) harm to her credit score; (iii) denial of credit and insurance based on the inaccurate credit reporting by Defendant; (iv) quotes for

excessively high insurance premiums for her other vehicle; (v) her time and effort to monitor Defendant's inaccurate credit reporting and make disputes; (vi) her time and effort to seek affordable insurance for her other vehicle; (vii) sleeplessness; (viii) emotional distress caused by her wrecked credit report and credit scores and the impact it has had on her ability to obtain credit and insurance;  (ix) closure of accounts by a number of her existing creditors; (x) reduced credit limits by her existing creditors; and (xi) other damages to be proven at trial.

### **COUNT I – Violation of 15 U.S.C. 1681s-2(b) of the FCRA**

24.

At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. 1681a(b).

25.

At all time relevant hereto, Defendant was a "furnisher" of information to the CRAs as that term is used on the FCRA.

26.

Defendant is liable to Plaintiff pursuant to Sections 1681n and 1681o of the FCRA due to its negligent and willful violations of Section 1681s-2(b) of the FCRA as set forth above.  Defendant's conduct was a direct and proximate cause of the damages to Plaintiff set forth above and such damages continue because Defendant continues to report false and inaccurate information about Plaintiff.

Defendant is liable to compensate Plaintiff for her actual damages and to pay statutory and punitive damages for its willful violations of the FCRA.  Defendant is liable to Plaintiff for her attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) That she have a jury trial;

(b) That she be awarded her actual damages;

(c) That she be awarded statutory damages;

(d) That she be awarded punitive damages; and,

(e) That she be awarded her attorney's fees and costs.

This 25th day of June, 2024.

**LOVE CONSUMER LAW**

*/s/ John A. Love*
John A. Love
Ga Bar No. 459155
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com